**BENJAMIN J. CARMAN, ESQ.**
NV Bar # 12565
**CARMAN COONEY FORBUSH PLLC**
4045 Spencer Street Suite A47
Las Vegas, NV 89119
Telephone: (702) 421-0111
Facsimile: (702) 516-1033
service@ccfattorneys.com
Attorneys for Plaintiff
American European Insurance Company

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| AMERICAN EUROPEAN INSURANCE COMPANY, a foreign company,<br><br>Plaintiff,<br><br>v.<br><br>LILIANA GUADIAN PEREZ, an individual<br><br>Defendant | 2:22-cv-02039<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

Plaintiff American European Insurance Company, by and through its counsel of record CARMAN COONEY FORBUSH PLLC, avers, alleges, and both complains and seeks relief as follows:

## PARTY ALLEGATIONS

1. Plaintiff American European is, and at all times relevant to this complaint, was a corporation organized and existing under the laws of the State of New Hampshire and is duly licensed to do business in the State of Nevada.

2. Plaintiff is informed and believes, and thereon alleges, that Defendant Liliana Guadian Perez is, and at all times relevant to this complaint, was an individual residing in Clark County, State of Nevada.

## JURISDICTION

3. The Court has original jurisdiction over this matter under 28 U.S.C. 2201 as American European seeks declaratory relief from the Court over an actual, justiciable controversy concerning its duties owed to Liliana Guadian Perez in relation to a policy of insurance under which American European has provided a defense and may be potentially obligated to provide indemnification for a suit against Liliana Guadian Perez.

## VENUE

4. Venue is proper in the District of Nevada because the events giving rise to the present controversy occurred in and around Las Vegas, Nevada. Liliana Guadian Perez is also, based on information and belief, and resident of Clark County, Nevada. Therefore, venue is proper within this district pursuant to 28 U.S.C. section 1391(b)(2).

## COMMON FACTUAL ALLEGATIONS

5. Liliana Guadian Perez was insured under American European policy number AENV-0012047-00 ("The Policy") that afforded $25,000 per person and

$50,000 per accident of coverage under a bodily injury liability line of coverage, with effective dates of August 20, 2019, through January 22, 2020.

6. The Policy bears a provision compelling, *inter alia*, cooperation by Liliana Guadian Perez with American European in defending any covered claim or lawsuit brought against an insured.

7. On September 1, 2019, Liliana Guadian Perez was involved in an automobile accident while driving an automobile listed on The Policy. Bud Skougard, Jenni Dkougard, and Brian Skougard as parent of minor Brandon Skougard (collectively "The Skougards") made claims against Liliana Guadian Perez under The Policy, contending she was at fault for the accident.

8. American European endeavored to investigate and handle the claim, and it negotiated with the attorneys representing the Skougards as they presented their claims against Liliana Guadian Perez.

9. On information and belief, the medical records supporting a demand by the Skougards appeared to reflect treatment and injuries that were unrelated to the at-issue accident. American European disputed these claimed damages, receiving little additional support from the Skougards or their attorneys for the same. Moreover, the Skougards, on information and belief, changed attorneys without providing any updates concerns the status of attorney liens on recovery in the matter.

10. Rejecting a good faith offer to settle the case, The Skougards filed suit against Liliana Guadian Perez in the Eighth Judicial District Court, Clark County,

Nevada, case number A-20-812680-C, styled as *Bud Skougard, et al. v. Liliana Guadian Perez* on 03/23/2020 ("The *Skougard* Action").

11. The Skougards served Liliana Guadian Perez with the complaint on at her listed home address.

12. American European retained Ranalli Zaniel Fowler & Moran to defend Liliana Guadian Perez in The *Skougard Action*, who promptly filed a responsive pleading on her behalf.

13. During the course of the suit, Liliana Guadian Perez failed to communicate with panel counsel and American European as it related to her defense. Specifically, she stopped responding to inquiries from both counsel and American European.

14. Liliana Guadian Perez failure to cooperate prejudiced the ability of American European to mount an effective defense against the claims against it as her liability insurer.

15. Liliana Guadian Perez breached the cooperation clause in the policy by failing to participate in her own defense, including, *inter alia,* by appearing for a deposition, lending information and written verifications for written discovery, or to be available to appear at a later judicial proceeding related to the same.

16. American European is harmed by the continued legal expense of defending Liliana Guadian Perez despite her breach of the cooperation clause.

**FIRST CAUSE OF ACTION**
**(Declaratory Relief)**

17. Plaintiff repeats and realleges each and every allegation in Paragraphs 1 through 17 above and incorporates them by reference as though fully set forth herein.

18. American European retained panel counsel to defend Liliana Guadian Perez in the The *Skougard Action*.

19. Despite the best efforts of American European to contact Liliana Guadian Perez, as well as the efforts of retained panel counsel, Liliana Guadian Perez failed to cooperate with her defense and, on information and belief, will continue to fail to make herself available for any judicial proceedings in which her attendance would be beneficial to the defense.

20. Liliana Guadian Perez actions listed above constituted a breach of the cooperation clause that is in the Policy.

21. American European retained panel counsel to defend Liliana Guadian Perez from the suit filed against her, and it continues to pay them for the defense.

22. American European never received a well-supported, reasonable demand for payment of the policy's limit before Liliana Guadian Perez breached the cooperation clause.

23. There is an actual, substantial, and justiciable controversy between the parties concerning whether American European must continue to provide a defense to Liliana Guadian Perez in light of her breach of the cooperation clause;

1  whether the lack of a reasonable settlement demand before Liliana Guadian Perez

2  breach of the cooperation clause precludes any claim she may have of a breach of

3  the duty to defend; and whether American European owes any other duty aside

4  from the duty to pay at the statutory minimum amount for auto liability insurance

5  coverage pursuant to NRS 485.3091.

6  24. American European is entitled to a declaratory judgment declaring

7  that Liliana Guadian Perez failure to cooperate in her defense of the suit against

8  her constituted a breach of the cooperation clause; that American European is

9  excused from providing any further defense to Ms. Perez in The *Skougard Action*;

10  that there was no reasonable settlement demand based on the information provided

11  to American European before Liliana Guadian Perez breached the cooperation

12  clause, and therefore no breach by American European of the duty to defend or any

13  covenant of good faith or fair dealing.

14  **PRAYER FOR RELIEF**

15  Wherefore, American European expressly reserves it right to amend this

16  Complaint at the time of trial of the actions herein to include all items of damages

17  not yet ascertained, and demands judgment against Defendant as follows:

18  1. That American European be awarded judgment in its favor as to all

19  causes of action;

20  2. A declaration from this Court that Liliana Guadian Perez breached

21  the cooperation clause in the Policy as it relates to the The *Skougard Action*;

22

23

3. A declaration from this Court that American European is relieved of its obligation to provide Liliana Guadian Perez with a defense in The *Skougard Action*;

4. A declaration from the Court that American European did not breach its duty to defend Liliana Guadian Perez in The *Skougard Action*, and that it did not breach the covenant of good faith and fair dealing in handling her claim; and

5. For any other relief as may be provided by this Court.

DATED December 16, 2022.

**CARMAN COONEY FORBUSH PLLC**

By /s/Benjamin J. Carman
    BENJAMIN J. CARMAN, ESQ.
    Attorneys for Plaintiff
    American European Insurance Company